UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JEREMY CURL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-0264 |
| | § | |
| BRAZORIA COUNTY SHERIFF'S OFFICE, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Curl brought this lawsuit alleging that Defendants used excessive force against him during a traffic stop. In an opinion dated August 14, 2018, the Court granted summary judgment for Defendants and dismissed Plaintiff's claims with prejudice (Dkt. 60). On the same day, the Court entered a final judgment (Dkt. 61). Plaintiff timely filed a motion to alter or amend the judgment (Dkt. 62), and Defendants have responded (Dkt. 64). Having considered the parties' filings, the relevant authorities, and all matters of record, the Court concludes that the motion should be **denied** for the reasons that follow.

Federal Rule of Civil Procedure 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, the rule serves the narrow purpose of allowing a party to bring errors or newly

discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479.

Plaintiff first argues that reconsideration is warranted because "this Court did not consider certain evidence [that] would have changed the outcome, specifically the affidavits of Jeremy Curl and his mother's affidavit," in conjunction with the video evidence (Dkt. 62, at 2).[1] Plaintiff's affidavit (Dkt. 51-1, at 4-5), prepared before Plaintiff retained counsel, raised two main issues: that civilians were present during the traffic stop and would have information essential to Plaintiff's summary judgment response; and that Plaintiff had been unable to obtain the Brazoria County policy on use of "choke holds" during an arrest.[2] Regarding the civilians' presence, Plaintiff's counsel subsequently briefed the issue on summary judgment (Dkt. 51, at 6-7) but, as held in the Court's opinion, cited no authority suggesting that their presence was "relevant to, or could prevent summary judgment on, his Fourth Amendment claim" (Dkt. 60, at 18 n.19). Regarding Brazoria County's choke hold policy, neither Plaintiff's summary judgment briefing nor his current motion demonstrate the relevance of any such policy to a question of material fact on the Fourth Amendment issue that was before the Court. Similarly, Plaintiff's mother's affidavit, which stated that she possessed "a video from the

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

[2] Plaintiff also stated that he had been unable to conduct legal research (*id.*). However, Plaintiff subsequently retained counsel, who filed his summary judgment briefing.

officers['] police car . . . that clearly show[ed] the brutality" of Defendants during Plaintiff's arrest (Dkt. 51-2, at 39), also provides no basis for reconsideration of the Court's prior ruling. The Court thoroughly reviewed all video evidence and cited extensively to the videos throughout its opinion. *See* Dkt. 60, at 2-9, 16-18.

Second, Plaintiff argues that the Court's decision violated *Tolan v. Cotton*, 572 U.S. 650 (2014), because *Tolan* "requires this court to credit evidence that contradicted some of [this Court's] key factual conclusions that the use of force . . . was not excessive force" (Dkt. 62, at 3). In *Tolan*, the Supreme Court reversed a summary judgment for defendants in an excessive force case because the lower courts improperly had "resolved disputed issues in favor of the moving party." *See Tolan*, 572 U.S. at 657-58 (citing testimony from depositions and a related criminal trial that was "directly contradictory" to the lower courts' characterization of the evidence). Plaintiff asserts that in this case the Court improperly "gave credence to officers who struck Jeremy Curl 18 times" (Dkt. 62, at 3). In fact, however, the Court's opinion relied on the video evidence, in addition to law enforcement affidavits and Curl's own statement that he had attempted to flee. *See* Dkt. 60, at 16-17 (holding that uncontroverted evidence showed that Curl did not comply with officers' original instructions, that he struggled with officers as they tried to handcuff him, and that the officers ceased using force as soon as Curl was handcuffed). Moreover, although Plaintiff maintains that the Court failed adequately to address his arguments that he was injured during the incident and was unarmed, the Court thoroughly considered his arguments and concluded that he had failed to demonstrate a genuine issue of material fact on the Fourth Amendment question (*id*. at 17-18). Plaintiff's current

motion identifies no particular fact(s), whether previously argued or not, that the Court failed to credit or that should have prevented summary judgment in Defendants' favor.

Plaintiff presents no justification to alter or amend the Court's judgment. *See Templet*, 367 F.3d at 479. Therefore, his motion to alter or amend judgment (Dkt. 62) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 13th day of November, 2018.

George C. Hanks Jr.
United States District Judge